IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT V. HUNTLEY, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 4:CV-08-1901 |
| | : |
| v. | : (Judge McClure) |
| | : |
| JAMES McGRADY, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

January 27, 2009

Petitioner Vincent V. Huntley, an inmate presently confined at the State Correctional Institution at Retreat ("SCI-Retreat") in Hunlock Creek, Pennsylvania, commenced this action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Record document no. 1.) Huntley challenges his 2004 conviction in the Dauphin County Court of Common Pleas of Murder of the First Degree and related offenses. Also pending is Respondent's motion for leave to file a partial answer. (Record document no. 8.) For the reasons set forth below, the motion will be granted *nunc pro tunc*, and the petition will be dismissed as untimely.

**PETITION FOR WRIT OF HABEAS CORPUS**

**Background**

The relevant background was summarized by the Pennsylvania Superior Court as follows in its July 11, 2007 Memorandum affirming the denial of Huntley's petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"):

> On November 1, 2004, Appellant entered a negotiated plea of *nolo contendere* to, *inter alia*, charges of first-degree murder, conspiracy, aggravated assault, endangering the welfare of a child, and abuse of a corpse. The charges were based on Appellant's abuse, murder, and concealment of a 7-year old child while Appellant was living with the child's mother.[1]  In exchange for Appellant's plea, he was sentenced to life in prison, plus an aggregate consecutive term of 23 ½ to 47 years incarceration.

(Record document no. 9-3 at 43.)  On November 8, 2004, Huntley filed a *pro se* motion to withdrawn his plea.  (*See* Docket of the Dauphin County Court of Common Pleas for *Commonwealth v. Vincent Vandele Huntley*, No. CP-22-CR-3066-2003, Record document no. 9-3 at 15.)  However, on December 29, 2004, Huntley moved to withdraw his motion.  (*See id.* at 16.)  Following a hearing on January 7, 2005, the trial court entered an Order dated January 10, 2005 granting Huntley's request to

---

[1] The victim's mother entered a negotiated guilty plea to third-degree murder and related charges, and was sentenced to 17 ½ to 35 years in prison, followed by ten years of probation.

withdraw his post-sentence motion.  (*See id.*)

On October 13, 2005, Huntley filed a PCRA petition that was dismissed on August 23, 2006.  (*See id.* at 17, 20; PCRA petition, Record document no. 9-3 at 26.) On July 11, 2007, the Pennsylvania Superior Court affirmed the denial of PCRA relief.  (*See* Record document no. 9-3 at 43.)  On December 20, 2007, the Pennsylvania Supreme Court denied Huntley's petition for allowance of appeal.  (*See id.* at 52.)

On October 15, 2008, Huntley filed the instant petition for writ of habeas corpus (Record document no. 1) and memorandum of law (Record document no. 2). On October 27, 2008, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the Court issued a formal notice to Huntley that he either could have his petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Record document no. 5.)  On November 24, 2008, Huntley filed a notice of election requesting that the Court rule on the petition as filed.  (Record document no. 6.) Accordingly, an Order to Show Cause was issued on December 16, 2008 and served on Respondent James McGrady, the Warden of SCI-Retreat, Respondent the

3

Pennsylvania Office of Attorney General, and the Dauphin County District Attorney's Office. (Record document no. 7.)

On December 23, 2008, Respondents filed a motion for leave to file a partial answer limited to the issue of the timeliness of Huntley's petition. (*See* Record document no. 8.) Respondents asserted that the petition is untimely, and thus it would be a waste of time and judicial resources to submit an answer addressing the merits of the petition. (*See id.*) On December 31, 2008, Respondents filed a partial answer to the petition (Record document no. 9-1); a memorandum of law (Record document no. 9-2) limited to the issue of the petition's timeliness; and accompanying exhibits (Record document no. 9-3). Huntley filed his reply on January 14, 2009. (Record document no. 11.) Thereafter, on January 21, 2009, Respondents filed a sur-reply. (Record document no. 12.) Accordingly, the matter is ripe for disposition.

**Discussion**

**Timeliness of Petition**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244 establishes a one-year statute of

limitations for federal habeas corpus petitions filed by a person in state custody. 28 U.S.C. § 2244(d)(1). In this case, Huntley had thirty (30) days from the January 10, 2005 Order granting his request to withdraw his post-sentence motion to file a direct appeal from his judgment of sentence. *See* Pa. R. Crim. P. 720A(2)(c). Huntley did not file a direct appeal. Accordingly, his judgment of sentence became final on February 9, 2005, thirty (30) days after the trial court's January 10, 2005 Order. Accordingly, Huntley had one year from February 9, 2005, or until February 9, 2006, to file his federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

While Huntley's petition and accompanying memorandum of law were received by the Clerk of Court in Scranton on October 15, 2008, the mailing label on the petition indicates that the petition was mailed on October 14, 2008. (*See* Record document no. 1 at 28.) Under the prison mailbox rule, the date on which a *pro se* prisoner transmits documents to prison authorities for delivery to a court is to be considered the actual filing date for those documents. *See Houston v. Lack,* 487 U.S. 266, 275-76 (1988) (applying the rule to the filing of habeas petitions). Accordingly, the petition is deemed to have been filed on October 14, 2008, which was 978 days beyond the expiration of the statute of limitations on February 9, 2006.

However, the Third Circuit Court of Appeals has held that "[t]he statute of

limitations for federal habeas petitions is subject to two exceptions: (1) statutory tolling during the time a 'properly filed' application for post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)); *see also Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). For the reasons set forth below, Huntley does not meet the requirements to fall within either of these exceptions.

### **Statutory Tolling**

28 U.S.C. § 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the

federal limitations period in order to toll that period).

In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b).  A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review.  42 Pa. Cons. Stat. § 9545(b)(3).  As already discussed, Huntley's judgment of sentence became final on February 9, 2005 upon the expiration of the time for seeking direct review.  Therefore, he had one (1) year from February 9, 2005, or until February 9, 2006, to file his PCRA petition.  As such, his PCRA petition, filed on October 13, 2005, was "properly filed."

The statute of limitations therefore was tolled between October 13, 2005 and December 20, 2007, the date on which the Pennsylvania Supreme Court issued its Order denying Huntley's petition for allowance of appeal.  At the time he filed his PCRA petition on October 13, 2005, 246 days had run on the statute of limitations to file his federal habeas petition.  Therefore, when the stay on the statute of limitations was lifted on December 20, 2007, Huntley had 119 days remaining to file a federal habeas petition, or until April 17, 2008.  Consequently, by the time he filed his petition on October 14, 2008, the federal limitations period had run out, and thus

Huntley cannot benefit from statutory tolling.

### **Equitable Tolling**

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised

8

reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Huntley has not asserted any extraordinary circumstances that would allow him to benefit from equitable tolling. He argues in his reply that, following the January 7, 2005 hearing on his motion to withdraw his post-sentence motion, the trial court did not instruct him to file a direct appeal, "nor did it ever advise petitioner if he did not file a direct appeal all furture [*sic*] appeals and other collateral relief could be subjected to being untimely or even dismissed as such." (Record document no. 11 at 11.) Huntley later asserts that the trial court had a duty to inform him of all the laws governing his right to appeal. (*Id.* at 16.) To the extent Huntley was attempting to argue that the trial court misled him as to the steps he needed to take to preserve his claims, *see Brinson*, 398 F.3d at 230, the trial court did not have a duty to advise Huntley as to whether or not he should pursue a direct appeal. Huntley was represented by counsel at the time of the January 7, 2005 hearing, and thus it was his attorney's duty to advise him as to whether or not he should pursue an appeal.

9

Moreover, the transcript of the January 7, 2005 hearing attached to Huntley's reply as Exhibit B reflects that, when asked by the Court whether he was directing his lawyers to file any post-trial motions or appeals, Huntley responded that he was not. (*See* Record document no. 11 at 25.) This response demonstrates that Huntley was aware that filing an appeal was an option, but he chose not to exercise that option. Huntley fails to raise any other arguments in his reply that constitute a basis for equitable tolling. Accordingly, Huntley is not entitled to equitable tolling.

## **MOTION FOR LEAVE TO FILE PARTIAL ANSWER**

In their motion, Respondents request leave to file a partial answer on the basis that the petition is untimely, and thus it would be a waste of time and judicial resources to submit an answer addressing the merits of the petition. (*See* Record document no. 8.) On December 31, 2008, Respondents filed a partial answer. (Record document no. 9.) In light of this Court's determination that Huntley's petition should be dismissed as untimely, Respondent's motion will be granted *nunc pro tunc*.

## **CONCLUSION**

10

For the foregoing reasons, the petition for writ of habeas corpus (Record document no. 1) will be dismissed as untimely. Based upon the above analysis, a certificate of appealability will be denied. However, Huntley is advised that he has the right for thirty (30) days to appeal the Order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(1)(a)(A), and that the denial of a certificate of appealability does not prevent him from doing so, as long as he seeks, and obtains, a certificate of appealability from the United States Court of Appeals for the Third Circuit. *See* Fed. R. App. P. 22(b). An appropriate Order will enter.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT V. HUNTLEY,                   :
                                      :
    Petitioner                        :
                                      : CIVIL NO. 4:CV-08-1901
                                      :
v.                                    : (Judge McClure)
                                      :
JAMES McGRADY, *et al.*,              :
                                      :
    Respondents                       :

## **ORDER**
January 27, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

    1.    The petition for writ of habeas corpus (Record document no. 1) is

**DISMISSED** as time-barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d).

2. Respondent's motion for leave to file a partial answer (Record document no. 8) is **GRANTED** *nunc pro tunc*.

3. The Clerk of Court shall **CLOSE** this case.

4. A certificate of appealability is **DENIED**.  *See* 28 U.S.C. § 2253(c).

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge